IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MANUEL GARCIA,<br><br>        Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | HONORABLE JEROME B. SIMANDLE<br><br>Civ. No. 16-3576 (JBS)<br>Crim. No. 93-536 (JBS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE**, District Judge:

This matter comes before the Court on two motions from Petitioner Manuel Garcia ("Petitioner"). The first motion, filed in the original criminal docket of Crim. No. 93-536, purportedly requests relief from his sentence pursuant to Federal Rule of Civil Procedure 60(b)(6). The second motion, docketed as the new civil case of Civil No. 16-3576, seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in light of the U.S. Supreme Court cases of Johnson v. United States, 135 S. Ct. 2551 (2015) and Welch v. United States, 136 S. Ct. 1257 (2016). For the reasons explained below, Petitioner's first motion will be construed as a successive § 2255 petition and dismissed for lack of jurisdiction, while the Johnson petition will be transferred to the Court of Appeals for the Third Circuit for consideration under 28 U.S.C. § 2255(h). The Court finds as follows:

1. Following a jury trial before this Court on September 29, 1994, Petitioner was convicted of using interstate commerce facilities to commit a murder for hire, in violation of 18 U.S.C. § 1958, and was sentenced to life imprisonment on October 4, 1994. United States v. Garcia, Crim. No. 93-536-03 (D.N.J.). Petitioner appealed, see United States v. Garcia, App. No. 94-5647 (3d Cir.), and the Third Circuit Court of Appeals affirmed his conviction on July 29, 1996. United States v. Garcia, 92 F.3d 1173 (3d Cir. 1996).

2. On June 2, 1997, Petitioner filed his initial petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in this Court. [Garcia v. United States, Civ. No. 97-2861 (D.N.J.), Docket Item 1.] The Court denied his petition in an Opinion and Order dated July 29, 1998. [Id. at Docket Items 8 & 9.] Petitioner sought to appeal that ruling [id. at Docket Item 12], but this Court denied his request for a Certificate of Appealability [id. at Docket Item 14], and the Third Circuit did the same. [Id. at Docket Item 16.]

3. On August 13, 2001, Petitioner filed a motion seeking a reduction of his sentence pursuant to an amendment to United States Sentencing Guidelines § 2E1.4, which the Court construed as a motion arising under 18 U.S.C. § 3582(c) and denied on the merits. United States v. Garcia, 204 F. Supp. 2d 790 (D.N.J. 2002).

4. On June 27, 2005, Petitioner filed a second § 2255 petition in this Court, seeking relief under Rules 15 and 60(b), Fed. R. Civ. P., as well as Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005). [Garcia, Civ. No. 97-2861 (D.N.J.), Docket Item 17.] This Court denied that petition as untimely [id. at Docket Item 18], and Petitioner did not seek further review.

5. On April 17, 2007, Petitioner filed a motion to reopen and supplement his originally-filed petition for habeas corpus and to vacate his sentence pursuant to § 2255, Fed. R. Civ. P. 60(b), and "The All Writs Act," 28 U.S.C. § 1651. [Id. at Docket Item 23.] For the reasons explained in a Memorandum Opinion dated April 9, 2008, the Court construed this motion as a successive § 2255 petition and dismissed the petition for lack of jurisdiction. Garcia v. United States, 2008 WL 1375571 (D.N.J. Apr. 9, 2008). Petitioner requested a Certificate of Appealability under 28 U.S.C. § 2253(c)(1), see Garcia v. United States, App. No. 08-2249 (3d Cir.), which the Third Circuit denied. [Garcia, Civ. No. 97-2861, Docket Item 31.]

6. On May 11, 2009, Petitioner filed in his criminal case a motion to "set aside judgment and dismiss the indictment for void judgment, and lack of jurisdiction." [Garcia, Crim. No. 93-536 (D.N.J.), Docket Item 22.] Although Petitioner styled this

3

motion as a Rule 60(b)(4) attack on a void judgment, the Court found that he was in fact offering new collateral attacks on the underlying conviction, construed this motion as a successive § 2255 petition, and dismissed the petition for lack of jurisdiction. Garcia v. United States, 2009 WL 3068390 (D.N.J. Sept. 22, 2009).

7. Petitioner subsequently filed two more motions seeking to reopen his § 2255 proceedings pursuant to Rules 60(b)(6) and (d), Fed. R. Civ. P., and Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944). [Garcia, Civ. No. 97-2861, Docket Item 32; Garcia, Crim. No. 93-536, Docket Item 52.] On May 10, 2011, the Court issued a Memorandum Opinion and Order, construing these motions as successive § 2255 petitions and dismissing them for lack of jurisdiction. Garcia v. United States, 2011 WL 1792277 (D.N.J. May 10, 2011). Alternatively, the Court held that Petitioner had not met his burden to bring a successful independent action under Hazel-Atlas. Id. Petitioner appealed and the Third Circuit Court of Appeals affirmed on August 25, 2011. See United States v. Garcia, App. No. 11-2413 (3d Cir.).

8. On July 17, 2012, Petitioner filed an application with the Third Circuit requesting leave to file a second or successive petition pursuant to 28 U.S.C. §§ 2244(b) and 2255(h). In re: Manuel Garcia, App. No. 12-2977 (3d Cir.). The Third Circuit denied this application under § 2255(h) because Petitioner did not claim to rely upon a new rule of constitutional law and because the

4

purported "new evidence" that Petitioner raised in his proposed habeas petition had already been considered and rejected by the Third Circuit in In re: Manual Garcia, App. No. 00-5013 (3d Cir.). To the Court's knowledge, Petitioner has not since sought leave from the Third Circuit to file any second or successive petitions pursuant to 28 U.S.C. §§ 2244(b) and 2255(h).

9. Currently pending before the Court are a "motion" purportedly requesting relief from Petitioner's sentence pursuant to Federal Rule of Civil Procedure 60(b)(6) and a § 2255 petition seeking to vacate, set aside, or correct Petitioner's sentence in light of the U.S. Supreme Court cases of Johnson v. United States, 135 S. Ct. 2551 (2015) and Welch v. United States, 136 S. Ct. 1257 (2016). The Court addresses each in turn.

10. Petitioner first filed a "motion" under Rule 60(b)(6), Fed. R. Civ. P., which was docketed on the criminal docket. [Garcia, Crim. No. 93-536 (D.N.J.), Docket Item 71.] In this motion, Petitioner argues, inter alia, that he is entitled to relief from his conviction and/or sentence because: (1) his Indictment under the RICO Statute did not charge an offense against the United States; and (2) the Indictment failed to charge 18 U.S.C. § 2 aiding or abetting and to charge the proper mens rea for that charge. [Id.] Notably, in his "opening statement to this Honorable Court," Petitioner states that this motion "is not to be Construed as a Second, or Successive Motion, under Title 28 U.S.C.

5

2255," and that "[t]his Motion is being filed under Rule 60-B-6." [Id. at 2.] But Petitioner does not explain why this is so.

11. The Third Circuit has held that:

> [I]n those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004). Here, the Court concludes that Petitioner's Rule 60(b)(6) "motion" does not challenge the manner in which any of his previous § 2255 petitions were decided. Rather, Petitioner is very clearly attacking the legality of his underlying conviction, which he argues was obtained through a "defective" Indictment. When a Rule 60(b) motion makes new claims for relief from the underlying conviction, it should be construed as a successive § 2255 petition. See Gonzales v. Crosby, 545 U.S. 524, 531 (2005) (holding that "[u]sing Rule 60(b) to present new claims for relief from a state court's judgment of conviction . . . circumvents AEDPA" and therefore such claims should be construed as successive habeas petitions); In re Wagner, 421 F.3d 275, 277 (3d Cir. 2005) ("[A]lthough it was labeled as a motion under Fed. R. Civ. P. 60(b)(6), it was in substance a motion under 28 U.S.C. § 2255). Accordingly, the Court holds that this

6

"motion" purportedly requesting relief pursuant to Fed. R. Civ. P. 60(b) is, in fact, a successive § 2255 petition.[1]

12. Through the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress imposed a stringent gatekeeping provision which limited a prisoner's ability to file "second" or "successive" § 2255 habeas petitions. See 28 U.S.C. §§ 2244(a), 2255(h). That is, before a second or successive § 2255 petition can be heard by the sentencing court, the petition must be certified by the Court of Appeals as containing:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

---

[1] Even if the Court were to consider Petitioner's motion under Rule 60(b), Fed. R. Civ. P., such a motion would be untimely. Rule 60(b)(6) "is a catch all provision that authorizes a court to grant relief from a final judgment for 'any . . . reason' other than those listed elsewhere in the rule." Cox v. Horn, 757 F.3d 113, 120 (3d Cir. 2014). Although a claim for relief under Rule 60(b)(6) has no explicit time limit, parties must file the motion "within a reasonable time." See Fed. R. Civ. P. 60(c). "Nevertheless, the general one-year limit remains a rule of thumb: 'A motion under Rule 60(b)(6) filed more than a year after final judgment is generally untimely unless "extraordinary circumstances" excuse the party's failure to proceed sooner.'" July v. D'Ilio, 2018 WL 3492144, at *2 (D.N.J. July 20, 2018) (quoting Gordon v. Monoson, 239 F. App'x 710, 713 (3d Cir. 2007)). "Such circumstances will rarely occur in the habeas context." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005). Relief is not available to Petitioner in these circumstances under Federal Rule of Civil Procedure 60(b)(6) because Petitioner does not show "extraordinary circumstances" to excuse his delays, for the same reasons explained above.

28 U.S.C. § 2255(h). In other words, before a second or successive § 2255 motion may be filed in the district court, the applicant must move in the appropriate court of appeals, here the Third Circuit, for an order authorizing the district court to consider the motion.

13. There is no indication that Petitioner received permission from the Third Circuit to file the so-called Rule 60(b) "motion," which as described above is actually a successive § 2255 petition. Therefore, the Court lacks jurisdiction to consider it. See 28 U.S.C. §§ 2244(b)(3)(A), 2255(h).

14. If a second or successive petition is filed in the district court without an order from the appropriate court of appeals, the district court may dismiss for want of jurisdiction or "shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631; see also Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002), cert. denied, 540 U.S. 826 (2003) ("When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

15. The Court finds that it is not in the interest of justice to transfer Petitioner's so-called "Rule 60(b)(6) motion" [Garcia, Crim. No. 93-536 (D.N.J.), Docket Item 71], which for the reasons stated above the Court construes as a successive § 2255 petition. Petitioner does not purport to rely upon a new rule of constitutional law in this "motion" and the Court finds that Petitioner's legal arguments that the underlying Indictment was "deficient" do not amount to "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense." 28 U.S.C. § 2255(h). As such, Petitioner does not appear able to meet the standard under § 2255(h) for bringing a second or successive petition, and thus the interests of justice do not warrant transfer of this case to the Third Circuit to consider whether such authorization would be granted. This decision not to transfer that petition in no way precludes Petitioner from seeking permission from the Third Circuit himself pursuant to §§ 2244(b) and 2255(h)(2), should he so choose. Moreover, because jurists of reason would not find it debatable that dismissal of this successive § 2255 petition is correct, the Court will deny a certificate of appealability under 28 U.S.C. § 2253.

16. Petitioner has also filed a motion to vacate, set aside, and correct his sentence pursuant to 28 U.S.C. § 2255 based on the

9

Supreme Court's decisions in Johnson v. United States, 135 S. Ct. 2551 (2015) and Welch v. United States, 136 S. Ct. 1257 (2016). [Garcia, Crim. No. 93-536 (D.N.J.), Docket Item 72.] This Johnson petition was docketed as a new civil case. [Garcia, Civ. No. 16-3576 (D.N.J.), Docket Item 1]. Again, there is no indication that the Petitioner has received permission from the Third Circuit to file this successive § 2255 petition. Accordingly, this Court does not have jurisdiction to consider it.

17. While the Court lacks jurisdiction over the Johnson petition, the Court finds that it is in the interest of justice to transfer that petition to the Third Circuit. In this petition, Petitioner argues that his sentence should be altered in light of the Supreme Court's opinion in Johnson v. United States, 135 S. Ct. 2551 (2015), which was made retroactive by the Supreme Court in Welch v. United States, 136 S. Ct. 1257 (2016). Accordingly, Petitioner meets the "three prerequisites" set forth in 28 U.S.C. § 2255(h)(2): "First, the rule on which the claim relies must be a 'new rule' of constitutional law; second, the rule must have been 'made retroactive to cases on collateral review by the Supreme Court'; and third, the claim must have been 'previously unavailable.'" Tyler v. Cain, 533 U.S. 656, 662 (2001). Moreover, because Johnson was decided on June 26, 2015 and made retroactive in Welch on April 18, 2016, Petitioner's Johnson petition, filed on June 20, 2016, was timely. See 28 U.S.C. § 2255(f)(3) (one-year

statute of limitations runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review). Petitioner has, therefore, satisfied the threshold "pre-filing requirements" for a second or successive petition as set forth in § 2255(h). See In re Hoffner, 870 F.3d 301, 307 (3d Cir. 2017). For these reasons, the Court finds that the interests of justice warrant transfer of the Johnson petition to the Third Circuit to consider whether authorization of a second or successive § 2255 petition should be granted.

18. The accompanying Order will be entered.


**May 23, 2019**                                                                **s/ Jerome B. Simandle**
Date                                                                            JEROME B. SIMANDLE
                                                                                        U.S. District Judge